May it please the court, my name is Robert Richman. I represent Ralph Duke, a sickly 73-year-old man who has been condemned to spend the rest of his life in prison. In the federal system, life sentences in circumstances comparable to this case are virtually non-existent. Mr. Duke is a first offender. No one was The sentence was not dictated by a mandatory minimum or even a guideline range of life. This case stands alone. It is an outlier. The Supreme Court has said that when a district court imposes an unusually harsh sentence, an adequate statement of reasons is necessary to justify that sentence. The district court here based its sentence on the seriousness of the offense and on the need to deter future criminal conduct. It's our position that those reasons are inadequate. First, every criminal offense with an offense with a guideline range of 30 years to life is a serious offense. The district court here failed to Mr. Duke had already served the equivalent of 33 years, now a year more. Let me pause there. You objected, I'd say you, I'm not sure if you were actually in the district court. It was me. But there were, you said you objected to the failure to consider factors. The objection didn't include an inadequate explanation. And what, what's the court supposed to, what's supposed to do other than then be satisfied in the, in the court's mind that the explanation combined with the total record is adequate for the appellate court to review the substantive reasonableness? Your Honor, the only way that I as counsel in the district court could assess what the district court had considered was what the court said. And I, when I made my objection in the district court, I felt that I had made clear that I was objecting to the sentence on both substantive and procedural grounds. The procedural grounds were the court failed to adequately consider. I used the verb consider rather than explain. It's my position, Your Honor, that consider carries within it an adequate explanation of what the court considered. And I think that... But you just, you added a different purpose to the explanation. Namely, the explanation has to be adequate to permit defense counsel to articulate the objections to reasonableness on appeal. What, what case supports that as an independent necessity, if you will? Because I understand that it's clear that the, if the explanation is inadequate to permit us to figure out the district court's reasoning, that, that's, that's the essence of the issue. But, but going beyond that, I'm not sure, how do we review that? Your Honor, I, it's my position that the reason for the contemporaneous objection is to put the court on notice. I wasn't talking about I'm sorry, Your Honor, I misunderstood your question. No, I, you, you explained why, why you think the objection was, was sufficient to cover this issue. And, and I'm, that's okay. Now, but going beyond that, you said the explanation didn't allow you to, to develop on appeal the failure to consider mitigating factors. And, and that's not part of the explanation, the explanation jurisprudence, as I understand it. So, you know, the explanation is for the appellate, is, is, is a necessity for the appellate court. But I'm not sure any court has said the explanation has to be adequate for defense counsel on appeal. Because that, that would be, of course, that can be argued all the time. Your Honor, the adequacy of the explanation, the reason for the explanation is twofold. One, to permit appellate review. And two, to promote a perception of the fairness of the process. Okay, but how do we review that? What's our standard? I, I know that sounds good and it's there. But, but what is it, how does it translate into an appellate standard? I, what do we do? We just, we just read it and we say, well, that's, if, if I'd have been there and been the defendant, I don't think that was, that was fair? Well, I agree with you, Your Honor, that it's an amorphous standard. But I think that in this case, where the district court simply says that the offense was a serious offense, that is not enough to differentiate a case where 33 years is an appropriate disposition and a case where life is an appropriate disposition. Okay, not standing alone, obviously, but, but the, why does he have to differentiate? I mean, why does he have to differentiate? Why doesn't he, why isn't it sufficient just to say the range here is 360 to life? In a case of this seriousness, I think life is the appropriate sentence. Well, I don't understand the differentiation point. There's no baseline requirement that the sentence be 33 years, is there? No, but there is a requirement that under 3553A that the case be sufficient but not greater than necessary to achieve the purposes of sentencing. The district court here did not explain why a life sentence was the lowest possible sentence to do that. In fact, the one sentencing purpose that the district court mentioned was deterrence. There was a sickly 73-year-old man is a recidivism risk. In fact, the reference to deterrence is simply part of the district court sentencing script that he invokes regardless of the nature of the offense and regardless of the characteristics of the defendant. That is not... Deterrence doesn't relate only to the offender, that would be the protection of the public factor. Deterrence can be general deterrence, i.e. other drug dealers. Well, I believe that the way he phrased it was to deter future criminal conduct. I understood that to mean by this defendant. I don't think... and I think similarly... There's specific deterrence and general deterrence and he... the way he said it doesn't preclude general deterrence. It would be hard to argue that a 33 year sentence would not provide general deterrence. I think most people, if they understood that they would receive a 33 year sentence, would be deterred. Well, on that rationale, how come 33 would be permissible? Why wouldn't 30 be the maximum? Well, I think... well, I mentioned 33 because that's how much time he has already done. No, it's convenient for your facts, but I'm pressing you on how we're supposed to make these cutoffs. Well, given the statistical... given the empirical evidence with respect to deterrence, I agree that deterrence is not a particularly strong rationale for lengthy sentences, but it certainly is not a basis to differentiate between 33 and life. But, Your Honor, this case is particularly problematic because the district court imposed the exact same sentence with the exact same rationale as was imposed in 1990 at a time that the guidelines were binding and presumptively correct. And going back to your question, Judge Loken, I think that the statement of reasons in this case is not adequate to assure the court that... assure this court that the district court employed an independent analysis of 3553A factors, looking at Mr. Duke as he was in 2018, and did not simply do what the government urged it to do, which was to maintain consistency and impose the same sentence that was imposed 30 years previously. For all of those reasons, we feel that the statement of reasons was inadequate, and we urge the court to vacate the sentence and re-sentencing. Thank you. Thank you. Ms. Kirkpatrick. May it please the court. As Your Honor noted, my name is Lisa Kirkpatrick. I'm an assistant U.S. attorney here in the District of Minnesota. The defendant has done his best to paint this case as a unique one, as one that's different than other cases where defendants received within-range sentences. And in many ways he's correct, but not in the way that he's asking this court to view the case. He's correct in that it is unique. It's unique in the way that the district court was particularly well suited to weigh the 3553A factors. It's not unique in a way where this court should afford less deference to the district court than it otherwise would. Did the district court rely on its belief that this particular defendant was one of the biggest drug dealers at the time that he was prosecuted? I don't know that the district court expressly relied on that. That is, however, part of the record. The Eighth Circuit's opinion back in 1991 talked about that. It really went undisputed that this defendant was a very large drug dealer. And in fact he was the biggest drug dealer that the District of Minnesota has ever prosecuted, then or now. And I guess that that helps me with a follow-up question then, because it seemed that there's a almost 30 years since the time that he was prosecuted. And so was it in the record that he remained one of the the that he remained the biggest drug dealer in the district? Or was it more appropriate for the court to consider sort of there's been a lot of drug cases in the last 30 years, particularly out of some of the bigger cities? And I guess I was I was curious as to whether that was still a true statement that Mr. Duke was the biggest, or if not one of the biggest, drug dealers. It does remain true and it went undisputed that that was true at the sentencing level. There was no offer of proof as to that, Your Honor, but as the... Wait a minute, where would the current statistics have come from for it to be undisputed? The assertion that he was the biggest drug dealer in the District of Minnesota went undisputed. Where was the By the government at sentencing. At sentencing. At the hearing? At the 2018 sentencing hearing. Yes, Your Honor. The AUSA who handled that hearing discussed in his over 30 years of prosecuting it was largest drug dealer he'd ever seen. He referenced some of the case agents that were at the resentencing hearing and in their combined 70 years of law enforcement, they had never prosecuted a bigger drug dealer. So that was carved out as the the biggest... I guess now we have a lot of other factors, at least over the last 25-30 years, in looking at guns and violence. Was there anything about his case then that had those additional features that would have distinguished it? Absolutely, Your Honor. In the District of Minnesota, he maintained an armed fortress that's described again in the 1991 discourse opinion. He had a number of guns and not just ordinary guns, particularly dangerous guns. He had a loaded Uzi in his bedroom. He had a pistol with a silencer that he shot off in the presence of his Colombian drug source. He had a Colombian drug source. This is the 80s and he had a direct connection to the Colombian drug cartels. And as the court's opinion bears out in 1991, he was dealing upwards of a hundred kilograms of cocaine a month over a five-year period. And he was also, in the district court specifically noted, his employment and corruption of young people in the execution of this drug trafficking organization. His right-hand man was his son who was only 19 years old at the time. And the district court here, again, the reason this court affords deference to the district court is because the district court is uniquely situated to weigh these facts. In this case, the district court was particularly well situated. It presided over the month-long trial back in 1990. It sentenced the 20-plus co-defendants in this case and it in 1990, 2016, and 2018. So when the district court in its explanation of sentence referred to the staggering magnitude of the criminal activity in this case, that wasn't hyperbolic. That was just a reflection of the facts. The fact that the district court was familiar with the facts of this case and the seriousness of the offense. I'd like to turn, if I can, to the procedural error claim here that the district court failed to adequately explain its The explanation was adequate. The district court explicitly considered the letters submitted, a substantial number of letters submitted by the defendant's supporters. He said that he considered them. He commended the defendant for his significant efforts at rehabilitation in prison. He obviously was aware of the medical issues because he recommended the FMC Rochester. But that didn't change the fact that, on balance, the district court found that he couldn't impose a sentence compliant with 3553A without imposing a sentence of life. And the defendant did not preserve his objection to that explanation. And here's why. This court has defined procedural errors to include a number of things. One is a bad guideline calculation, for example. Another is basing a sentence on erroneous facts. And the third way, relevant here, is failing to adequately consider the 3553A factors. That's exactly the wording the defendant used. Separate and apart. You can't ignore the dicta, if you will, in Gaul about the need for an explanation. Absolutely not. And the district court gave an explanation. So the fact that that's not factor four in our post-Gaul decisions doesn't mean it's off the table. Your Honor, my point is simply that when this court has defined what a procedural error is, it has distinguished between failure to consider the 3553A factors and failure to adequately explain the 3553A factors. Which case does that? A number due, meek, is one that comes to mind. And so... I think he's got to say specifically, Judge, you haven't adequately explained your decision. I want more explanation. It's not enough to say you failed to consider the factors? Correct. Because those are separate procedural errors. And they go to different purposes. And Judge Loken, as to your question, when Mr. Richman was arguing, they serve different purposes. A failure to adequately consider the 3553A factors goes to the heart of the merits of the sentence itself. A failure to adequately explain the 3553A factors is simply an error because this court cannot review the sentence. And the district court... But is that the only standard? It seems to me that's where the Supreme Court has left us rudderless. Whether the only thing for appellate review is whether the explanation leaves us satisfied that we can meaningfully review the sentence, or is there something in this fairness notion that creates an independent procedural error issue for appellate review? And if so, how do we do that? Your Honor, I believe the... I don't know that anybody's really addressed that. And I don't know what the government's position on it is. Your Honor, in the Cain decision, this court stated that the difference between a procedural error and a substantive reasonableness error... I'm to the substantive merits now of what you've defined as a separate procedural issue. Correct. What's the scope of it? The scope of review... No, the scope of the procedural obligation that the district court has. I mean, the notion, well, it's more fair if you explain to everybody at the sentencing hearing, family and so forth, just why the sentence is there. But is that an independent issue for appeal? The fact that the Supreme Court wants this to be fair. And how do you measure that? How do you measure that? If it's anything... We have dealt repeatedly with the question of whether an explanation was sufficient to permit us to review. And sometimes we've said no. But is that the end of the inquiry? Opposing counsel says no. There's an amorphous fairness issue here that's an independent appellate procedural error issue. Does the government agree? And how do we do it? Your Honor, I don't believe the defendant has a right to any particular explanation. I think the explanation is for this court's review. What are we looking for to be adequate? To be adequate, this court needs to assure itself that the district court considered the relevant factors. And this court can assure itself that the district court did that because it outlined the factors it considered. This wasn't a boilerplate explanation. Sure, the beginning... Let me ask it this way. Do you think if the explanation is adequate for appellate review, it is by definition also adequate to ensure fairness? Absolutely. Well, that would be a position. That is a position. If it's adequate for review, it's adequate for the defendant. The defendant, this court's precedent case law holds that the defendant is not entitled to any particular findings by the district court at sentencing. And that bears on as well the adequacy of explanation. Any right the defendant would have. I would just close by saying that because this defendant did not preserve this objection, this court has held time and time again that it's standard. And you can't hear where the district court explained its sentence and arrived at a life sentence. Unless your honors have any questions, I will rest on the brief. Mr. Richman, do you have any case law on this subject that Judge Colleton framed quite precisely? What about that suggestion that if the explanation is adequate to allow for meaningful appellate review, then by definition it's adequate to ensure fairness of the proceedings? Why aren't the two synonymous? I don't take issue with that, your honor. However, I would say that a statement of reasons that says, I have considered all of the 3553A factors, and then even recites them, is not adequate and does not allow appellate review because it doesn't allow this court to assess what the reason for the sentence was. An adequate statement of reasons, your honor, is a statement that allows this court and the public to be able to say why the district court imposed the sentence it did and why it rejected the mitigating factors, non-frivolous mitigating factors raised by the defense. And Judge Bright, in dissent in United States v. Spencer, looked at this exact same statement of reasons by Judge Doty, the exact same thing about I've considered the factors and deterrence, quote, the exact quote, the exact script. And Judge Bright, in dissent, said that that was not an adequate statement because it did not allow this court to do anything other than to take the court at its word. How is this court to determine whether the district court has done the appropriate weighing of the factors if he doesn't explicate what the weighing of the factors is? And it's our position that that is the problem with the statement of reasons in this case. Thank you, your honor. Thank you, counsel. The case has been very well briefed and argued and we'll take it under advisement.